P. T. ALLIN, ET AL., *v.* JOHN ROBINSON'S EX'R.

**Homestead Exemption.**

Two homestead exemptions cannot be claimed in the same real estate.

**Owner of Life Estate.**

The debtor claiming the exemption must be the owner of the property, including the dwelling house, not a joint owner nor an owner in common with others. The owner of a life estate is entitled to the exemption.

APPEAL FROM MERCER CIRCUIT COURT.

June 28, 1875.

OPINION BY JUDGE PETERS:

The act to exempt homesteads from sale for debt, approved the 10th of February, 1866, provides that, in addition to the personal property then exempt from execution on all debts or liabilities created or incurred after the first day of June, one thousand eight hundred sixty-six, there shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due therefor, so much land, the dwelling house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars. Myer's Supp., pp. 714, 715.

The debtor claiming the exemption must be the owner of the property, including the dwelling house and appurtenances, not a joint owner, nor an owner in common with others of a farm. Mrs. Mary Robinson, under the will of her late husband, took a life estate in the whole tract, and is "the owner" of the present interest; she would unquestionably be entitled to a homestead right in the dwelling house and appurtenances, as she is occupying and claiming them as her home. She has not alienated her right therein to her son, W. C. Robinson; he occupies under her, and although it is, or may be in deference to the testamentary request of her husband, still Mrs. Robinson may at any time assert and enforce her right to the exclusive possession and enjoyment of all the land, houses, etc., during her life. And at her death it is not at all certain that W. C. Robinson would be the owner of the dwelling house and appurtenances. He certainly is not "the owner" now. And unless he is the present owner, in the legal and proper sense of the term,

he cannot be entitled to the homestead exemption; if he is, then there may be two homestead exemptions on the same real estate at the same time, which never was contemplated nor intended by the statute. To the extent, therefore, that William C. Robinson is adjudged to be entitled to a homestead in the one-quarter of the tract mortgaged by him to Alexander and wife, the judgment is *reversed* and the cause is remanded with directions to dismiss the claim of W. C. Robinson for a homestead in the real estate mortgaged by him to Alexander and wife and for further proceedings consistent herewith.

*T. C. Bell, for appellants.    Kyle & Poston, for appellee.*